# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH KETSENBURG, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM B. TRUE, <br><br> Defendant. | Case No. 19-cv-344-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Joseph Ketsenburg filed a *pro se* "Criminal Complaint" seeking monetary relief against Defendant William True, the Warden of the Marion United States Penitentiary, in his individual capacity. This matter is now before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 3). For the following reasons, the Motion is **DENIED** and Plaintiff's Complaint is **DISMISSED without prejudice**.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Plaintiff has sufficiently established his indigence. According to his Motion and accompanying Affidavit, his take-home wages are $765.70 per month and his monthly expenses are greater than his monthly wages. He has no other income and no savings, and supports his

minor children. Based upon this information, the Court finds that Plaintiff is unable to pay the costs of commencing his lawsuit.

The Court's inquiry does not end there because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. Thus, the Court can dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000).

Plaintiff alleges that between August 2018 and October 2018, he paid for a copy of his birth certificate from his inmate trust fund account while imprisoned at Marion USP. Plaintiff was told by a correctional officer that his birth certificate had been received and placed in his inmate central file. Plaintiff was discharged from USP Marion on January 28, 2019. Upon his release, Plaintiff requested his birth certificate and was told that there was no copy in his inmate central file.

Plaintiff claims he has incurred ongoing damages in the amount of $1,646.85 attempting to recover his birth certificate from Defendant. He also claims damages, including loss of wages, loss of private property, and loss of monies in pursuing the return of said private property. Plaintiff requests damages in the amount of $5000 plus $500 per diem as of February 26, 2019.

A review of Plaintiff's Complaint fails to reveal a claim for which relief may be granted by a federal court. *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999). Federal courts are

limited to hearing cases in which the plaintiff raises a federal question or where the defendant's citizenship is diverse from that of the plaintiff. See 28 U.S.C. §§ 1331, 1332. Here, Plaintiff has not asserted claims based on federal law nor has he established diversity jurisdiction. Thus, dismissal is appropriate.

For the foregoing reasons, Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 3) is **DENIED** and this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's pending Motion for Declaratory/Summary Judgment (Doc. 5) and Motion to Change Venue (Doc. 9) are **DENIED as MOOT**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: January 10, 2020**

**STACI M. YANDLE**
**United States District Judge**